Justin Fok, Esq., CA Bar: 242272
Law Offices of Jean D. Chen
2107 N. First Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
**Zheng Lu**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Zheng Lu** | Case No. C 08-1569 JF |
| Plaintiff, | |
| v. | **PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |
| **Michael Mukasey**, United States Attorney General, U.S. Department of Justice; **Michael Chertoff**, Secretary of the Department of Homeland Security; **Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services; **Robert S. Mueller III**, Director of the Federal Bureau of Investigation | |
| Defendants | |

### I. INTRODUCTION

Plaintiff, Zheng Lu, filed this action against the defendants on March 8, 2008, claiming that the defendants have failed to schedule Plaintiff's naturalization interview within a reasonable time and has asked this Court to issue an order compelling the defendants to schedule the interview within 60 days of receiving the Court's order.  On April 14, 2008, the Court issued an Order to Show Cause asking the defendants to show why the Court should not grant the relief

requested. The defendants filed their response on May 30, 2008. Plaintiff now files this reply to the defendants' response.

## STATEMENT OF FACTS

Plaintiff filed his *N-400 Application for Naturalization* ("Application") with the USCIS on April 21, 2006. *See* Complaint Exhibit 1. He has yet to be interviewed for his application. *See* Complaint Exhibit 2. In response to a March 6, 2007 inquiry into the status of his N-400 application, USCIS informed Plaintiff that his case had been delayed because his FBI background check had not been completed. *Id.* Plaintiff has made additional inquires with the USCIS but has yet to receive a response. *See* Complaint Exhibit 3. It has now been over two years since Plaintiff filed his N-400 Application with USCIS.

## II. ARGUMENT

**A. This Court Should Keep Defendants Michael Mukasey and Robert Mueller**

Contrary to the defendants' assertions, Defendants Michael Mukasey and Robert Mueller are properly before this Court and should not be dismissed.

Defendant Michael Mukasey is the Attorney General of the United States and this action is being brought against him in his official capacity. Defendant has the authority to administer the oath of allegiance and is the sole authority to naturalize persons as citizens of the United States. Furthermore, as Attorney General, Michael Mukasey is the Head of the Department of Justice which heads the FBI, and in turn, the FBI is responsible for the name check that is at issue in this case. This reasoning was followed by the court in *Singh v. Still*, 470 F.Supp.2d 1064, 1068 (N.D.Cal. 2007), which allowed for the Attorney General to remain a defendant in the matter due to his role in the U.S. Department of Justice and the FBI being one of the Justice Department Agencies.

Defendant Robert Mueller is the Director of the Federal Bureau of Investigation ("FBI") and this action is brought against him in his official capacity as his agency is responsible for the criminal background checks which are necessary for the naturalization process. Courts in this district have established that in the context of naturalization applications, the FBI owes a mandatory duty to the naturalization applicant. *See Jiang v. Chertoff*, No. 08-0332 (N.D. Ca.

2008) (holding that "…the various immigration regulations and statutes do impose a duty on defendant Mueller in his official capacity."); *Moretazpour v. Chertoff*, 2007 WL 4287363, 1 (N.D. Cal. Dec. 5, 2007) (Zimmerman, M.J.) (The FBI "has a mandatory duty to complete its background check within a reasonable time even though the duty is not expressly stated in a statute."); and *Wang v. Mukasey*, NO. C 07-06266 (N.D.Ca. 2008) (agreeing with *Moretazpour*).

Defendants argue that the Court has recognized that the Department of Homeland Security is the sole agency responsible for adjudicating immigration applications and therefore Defendants Mukasey and Mueller are not properly before the Court. *See* Defendants' Motion at 6-7. While the courts have dismissed the FBI as a defendant in previous cases, those decisions involved I-485 permanent residence applications, not N-400 naturalization applications. *Alibeik v. Chertoff*, No. C 07-1938, 2007 WL 4105527, at *3 (N.D. Cal. Nov. 16, 2007); *Clayton v. Chertoff*, No. C 07-2781, 2007 WL 2904049, at *3 (N.D. Cal. Oct. 1, 2007); *Konchitsky*, No. C 07-0294, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); *Dmitriev v. Chertoff*, No. C 06-7677, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). As explained in *Wang*, the FBI's duty "does not arise in cases involving the adjudication of I-485 applications for permanent residency, because the FBI's involvement in conducting background checks arises by contract, rather than by statute." *Wang*, WL 1767042 at *2. The Wang Court found that the FBI had a statutory duty to complete the name checks in a reasonable time by analyzing the statutory scheme for N-400 applications. (The specific statutes discussed by the Court are treated in detail in Section (B)(2) below.)

Accordingly, Michael Mukasey and Robert Mueller should remain as Defendants.

**B. This Court Has Subject Matter Jurisdiction over Plaintiff's Claim Under the Mandamus Act and the Administrative Procedures Act.**

Under the Mandamus Act "the district courts shall have original jurisdiction on any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. §1361. A mandamus plaintiff must demonstrate that: 1) the plaintiff's claim is clear and certain; 2) the defendant has a clear duty to perform the act in question; and 3) no other remedy is available. *See Barron v. Reich,* 13

F.3d. 1370, 1374 (9th Cir. 1994). Further, courts have found that jurisdiction does exist under the Mandamus Act and have held that an action in mandamus can be used to compel action on naturalization applications. *See Damra v. Chertoff*, 2006 WL 1786246, at *3 (N.D. Ohio June 23, 2006); and *Duan v. Zamberry*, 2007 WL 626116, at *4 (W.D. Pa. Feb. 23, 2007).

Similarly, the APA permits "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to bring suit. 5 U.S.C. §702. "Agency action" as defined, includes a "failure to act." 5 U.S.C. §551(13). Additionally, courts have found jurisdiction under the APA and 28 U.S.C. §1331 stating that "where a plaintiff alleges that the defendant violated the APA, the court may exercise subject matter jurisdiction pursuant to section 1331". *Kim v. Ashcroft*, 340 F.Supp.2d 384 (S.D.N.Y. 2004), *Carpet Linoleum and Resilient Tile Layers Local 419 v. Brown*, 656 F.2d at 567 (10th Cir. 1981). Thus, to obtain relief pursuant to §1331 and the APA, Plaintiff must show that the Defendants had a nondiscretionary duty to act, and unreasonably delayed in processing the applications. *See Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D.Cal. 2007)

1. **Jurisdiction over USCIS**

Numerous courts, including the Northern District of California, have held that the USCIS has a clear non-discretionary duty to adjudicate naturalization applications within a reasonable time. *See Wang v. Mukasey*, NO. C 07-06266 (N.D.Ca. 2008) ("The court declines to find that the USCIS has no nondiscretionary duty in this case based solely on the fact that the FBI has not completed its background check."); *Sidhu v. Chertoff*, No. 07-1188 (E.D. Cal. 2008) ("The Ninth Circuit has confirmed that inaction involves a non-discretionary act…[t]hus Defendants' delay in adjudicating Plaintiff's [N-400] application is a non-discretionary act."); *Ajmal v. Mueller*, No. 07-206. 2007 U.S. Dist. LEXIS 52046 (E.D. Pa., July 17, 2007) (the court held that USCIS has a mandatory duty to adjudicate naturalization applications without unreasonable delay); and *Alkenani v. Barrows*, 356F. Supp. 2d 652, 656 (N.D. Tex. 2005) ("Although immigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization, they have a non-discretionary duty to process the application within a reasonable time."). Since such a ministerial duty exists, "where defendants

delay or fail to take action, the Court has jurisdiction to hear plaintiff's complaint under both the writ of mandamus and the APA." *Jiang v. Chertoff*, No. 08-0332, 2008 WL 1899245 at *4 (N.D. Ca. 2008).

### 2. **Jurisdiction over the FBI**

In addition, the courts have held that the FBI owes a ministerial, non-discretionary duty to complete applicant name checks in a timely manner. *See Wang*, 2008 WL 1767042 at *3 ("…the FBI has a mandatory duty to complete its background check on naturalization applicants in a reasonable time."); *Jiang*, No. 08-0332 (N.D. Ca. 2008) (holding that "the FBI has been given responsibility for background checks and therefore has a duty to complete the checks within a reasonable time."); *Ajmal,* No. 07-206. 2007 U.S. Dist. LEXIS 52046 (E.D. Pa., July 17, 2007) (holding that the FBI has a non-discretionary duty to finish background checks in a reasonable time); and *Moretazpour*, 2007 WL 4287383 at *1.

USCIS' action is conditioned, by Congressional mandate, upon the FBI's completion of the name check. An initial examination cannot be scheduled until USCIS receives a definitive response that the full criminal background check has been completed. C.F.R. § 335.2(b). Congress expressly delegated the duty to conduct these background checks to the FBI:

> [D]uring fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed . . . .

Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998 ("1998 Appropriations Act"), Pub. L. 105-119, 111 Stat. 2440, 2448-49 (emphasis added). Congress has injected the FBI into the naturalization process, imposing upon it a mandatory duty to complete the name checks so that the USCIS can proceed on a naturalization application.

In *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 400 (E.D.Pa. 2007), the Court determined that Congress has imposed, by implication of several congressional schemes, a mandatory duty on

Plaintiff's Reply to Defendant's Response to OTC
Case No: C 08-1569 JF

5

the FBI to complete the background checks as requested by the CIS [USCIS].[1] Through careful analysis, the court in *Kaplan* looked at *Pub. L No. 101-515, 104 Stat. 2101, 2112* (1990) (providing for the collection of fees to process fingerprint identification records and name checks for non-criminal justice purposes), *8 CFR §§316.4, 334.2*, (provides that aliens must submit application fees to CIS, a portion of which the CIS pays over to the FBI for fingerprint and name checks for that applicant) and *72 Fed. Reg. 4888-01 (proposed Feb. 1, 2007)* (proposing an increase in the application fee to pay additional funds to the FBI for name check costs to enhance services) and determined that "where Congress has conditioned CIS's mandatory action on the FBI's completion of background checks, and where applicants must pay the FBI, through CIS, to complete the background checks, that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks." *Kaplan, 481 F.Supp.2d* at 401.

Thus, since the FBI has a mandatory duty to act, the Mandamus Act and the APA requires that the FBI complete the criminal background checks in a reasonable amount of time. Accordingly, this Court can compel the FBI to complete the name check for a naturalization application if the name check is the cause of the delay.

### C. There Has Been Delay in the Scheduling of Plaintiff's Naturalization Interview

Plaintiff has been waiting for over two years for his naturalization interview (twenty-six months). On Plaintiff's receipt notice for his N-400 application, dated April 21, 2006, Plaintiff was informed that he would be notified of the date and time for his naturalization interview within 365 days. *See* Complaint, Exhibit 1. Similarly, according to the posted times on USCIS website, the San Jose office is processing N-400 applications with a receipt date of

---

[1] Contrary to Defendants assertion, *Moretazpour* is not the principle decision on which *Jiang* and *Wang* rely. *See* Defendants' Motion, p. 6 n. 2. The decision in *Moretazpour* is based on the holding in *Kaplan*. *Moretazpour*, 2007 WL 4287363, at *1. In addition, Defendants wrongly claim that the *Moretazpour* Court "suggested that the Department of Homeland Security had, by regulation, imposed a duty on the FBI to process name checks." Defendants' Motion, p. 6 n. 2. The Court, relying on the logic expressed in *Kaplan*, held that <u>Congress</u>, not the Department of Homeland Security, had imposed a mandatory duty on the FBI to complete background checks. *Moretazpour*, 2007 WL 4287363, at *1

Plaintiff's Reply to Defendant's Response to OTC
Case No: C 08-1569 JF

1  May 27, 2007 (Exhibit 1).  By either of these measures, Plaintiff's interview has now been
2  overdue for over one year.
3      1. **The Length of the Delay is Unreasonable**
4      In *Jiang,* WL 1899245 at *5, the Judge determined that a delay of seventeen months in
5  the adjudication of a naturalization application was not reasonable as a matter of law. Other
6  courts have found applications that have been pending between 6 to 24 months to be
7  unreasonable.  *See Galvez v. Howerton*, 503 F.Supp. 35, 39 (C.D.Cal.1980); *Paunescu v. INS,* 76
8  F.Supp.2d 896, 901-02 (N.D. Ill. 1999).; *Hadari v. Frazier,* No. 06-3215, 2006 U.S. Dist. LEXIS
9  89177 (D. Minn. 2006) (applications pending for four and six years); and *Tjin-A-Tam v. United*
10 *States Dep't of Homeland Sec.*, No. 05-23339, 2007 U.S. Dist. LEXIS 17994 (S.D. Fla. 2007)
11 (application pending for longer than three years).
12     USCIS has failed to adjudicate Plaintiff's naturalization application within a reasonable
13 time as his application has now been pending for over two years without an interview.  The court
14 should find that the two years Plaintiff has had to wait thus far is unreasonable as a matter of law.

15 **CONCLUSION**

16     Defendants have a non-discretionary duty to adjudicate Plaintiff's application within a
17 reasonable time, yet they have failed to schedule the statutorily mandated naturalization
18 interview for Plaintiff's case.  As required under the Mandamus Act and the APA, the Plaintiff
19 has a clear right to the relief requested, and thus Defendants have a clear duty to adjudicate
20 Plaintiff's application and schedule his interview.
21     For the reasons set forth herein, Plaintiff respectfully requests that the Court deny the
22 motion to dismiss in Defendants' Response and order the defendants to schedule a naturalization
23 interview within 60 days of receiving the Court's order.
24
25 Dated: June 19, 2008                                                                            Respectfully Submitted,
26
27                                                                                               _____/s/_____
28                                                                                               Justin G. Fok
                                                                                              Attorney for Plaintiff



Home  Contact Us  Site Map  FAQ

Search 

Advanced Search

Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resource | Press Room

[ Print This Page ]  [ Back ]

## U.S. Citizenship and Immigration Services
## San Jose CA Processing Dates
## Posted June 15, 2008

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 13-15 months to process.

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

District Office Processing Dates for **San Jose CA** Posted June 15, 2008

| Form | Form Name | Processing Timeframe: |
|---|---|---|
| I-131 | Application for Travel Documents | March 17, 2008 |
| I-485 | Application to Register Permanent Residence or Adjust Status | November 25, 2007 |
| I-600 | Petition to Classify Orphan as an Immediate Relative | November 27, 2007 |
| I-600A | Application for Advance Processing of Orphan Petition | November 27, 2007 |
| I-765 | Application for Employment Authorization | March 17, 2008 |
| N-400 | Application for Naturalization | May 27, 2007 |
| N-600 | Application for Certification of Citizenship | June 23, 2007 |